**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RAMON TORRES, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:14-CV-1156-D-BH |
| | ) | |
| EDWARD DON CO., | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

## I.  BACKGROUND

The plaintiff initially filed this action on April 2, 2014, and moved to proceed *in forma pauperis* (IFP). (*See* docs. 2, 4.) By order dated April 14, 2014, the Court notified the plaintiff that he had not provided enough information to determine whether IFP status was appropriate because he had not completed the IFP application. (*See* doc. 6.) Attached to the order was a copy of an IFP application form. *See id.* On the same day, the Court also sent the plaintiff a questionnaire to obtain more information about his claims. (*See* doc. 7.) Both the order and the questionnaire specifically advised the plaintiff that the completed application and questionnaire were due within fourteen days, and that a failure to timely file the completed forms could result in the dismissal of his case. *Id.* More than fourteen days from the date of the orders have passed, but the plaintiff has not filed his completed IFP application or his questionnaire responses.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d

1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to to submit his questionnaire responses or comply with the April 4, 2014 order to submit a completed IFP application despite separate express warnings that failure to do so could result in dismissal of the case.  He has not filed anything else in the case.  Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff submits his completed IFP application and questionnaire responses within the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 23rd day of April, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3